GLOVER v. THOMAS, appellant.

*Misrepresentation — to master of vessel as to depth of water — liability for damage in consequence of.*

Plaintiff engaged defendant's barge to carry lumber to a specified place, which was represented to be on the H. river. After the barge was loaded, plaintiff directed it to be taken to another place, not on H. river, and said he would guaranty plenty of water, and that the steamboat would take the barge right to the place. Relying upon plaintiff's statement, defendants' captain, in charge of the barge, undertook to bring the barge to the place, but there was not enough water, and the barge was grounded and damaged. *Held,* that plaintiff was liable for such damage.

APPEAL from an order of the special term of the city court of Brooklyn, granting a new trial, after a verdict in favor of defendants. The action was brought by John R. Glover against Henry Thomas and George Thomas, to recover, 1st, for lumber sold defendants, and 2d, for damages sustained by reason of the alleged failure of defendants to transport and deliver lumber in good order upon a contract made by them with plaintiff for so doing. Defendants, in their answer, admitted the claim for lumber sold, and also the making of a contract to transport other lumber, but alleged that they agreed to transport certain lumber upon a boat run by them from a specified place, to a dock represented by plaintiff to be upon Harlem river, and that plaintiff represented that

the water was not less than eight or nine feet deep at low tide at the dock; that without the knowledge or consent of defendants, but by the direction of plaintiff to those in charge of defendant's boat, additional lumber was taken on the boat from another place than that agreed upon, much more than defendants would have consented to carry on the boat, and that said boat was then taken by plaintiffs' order and without defendants' consent into a creek running into the Harlem river, where the water was less than eight feet deep, whereby the boat was run aground and the defendants were unable to deliver the lumber at the place agreed upon. Defendants also alleged that the boat, in consequence of so running aground, was caused to careen and fill with water, and claimed damages for an amount larger than the admitted claim of plaintiff. They also set up another claim for transporting said lumber and a claim for lumber sold and delivered. The jury found in favor of defendants for $100, which verdict, upon the motion of plaintiff, was set aside and a new trial granted.

*Daly & Brower*, for appellants.

*A. J. Heath* and *Robt. Johnstone*, for respondent.

BARNARD, P. J. I think the judge erred in setting aside the verdict of the jury. The principal subject of dispute was a claim for damages sustained by defendants' vessel in executing a contract for freighting lumber for plaintiff.

Two points of dispute were made by the parties as to the terms of the contract; one was as to the place of delivery of the lumber, and the other as to the depth of water at the place of delivery. It was claimed by plaintiff that the place named was Morris dock, above the Harlem railroad bridge, over the Harlem river, and that no representation was made as to the depth of water. On the part of defendants it was claimed that the delivery was to be made at the dock on the Harlem river, just above the railroad bridge, and that the plaintiff represented the depth to be eight or nine feet at low water, and that a steam tug could take the barge right to the dock.

In reviewing the order appealed from we must assume the facts necessary to sustain the verdict. The verdict of the jury determines the question disputed between the parties.

After the defendants' barge was loaded the plaintiff directed the defendants' captain to go to Morris dock, Cromwell's creek. "He said he would guaranty us plenty of water, and the steamboat would take us right to the dock." The captain went on and grounded at the mouth of the creek.

The steamboat had to leave him. He attempted to kedge the barge up the creek, and after succeeding in part the barge grounded, hoisted over and sunk. The vessel was much damaged. The jury allowed the damages to the defendants, and assuming the truth of the evidence given by defendant, I do not see how they could escape it. The plaintiff had misrepresented the place the barge was to go to; had misrepresented the depth of water; had guaranteed that the water was sufficient to take barge and steamboat to the dock, and in acting upon those representations, with care and prudence, the injury was sustained.

The order setting aside the verdict should be reversed, with costs.

*Order reversed.*